**SEUNG OK LEE, Appellant**

v.

**KI PONG NA, Appellee.**

No. 05–05–00613–CV.

Court of Appeals of Texas, Dallas.

Aug. 10, 2006.

Azzam Hussami, Dallas, C. David Richards, Attorney At Law, Fort Worth, for Appellant.

Lisa Greenwood Duffee, McClure, Duffee & Eitzen, LLP, and William Thompson, Law Offices of Deborah Hankinson, PC, Dallas, for Appellee.

Before Chief Justice THOMAS and Justices WRIGHT and FRANCIS.

## OPINION

Opinion by Chief Justice THOMAS.

Appellant challenges the trial court's order of dismissal, contending the trial court erred in concluding it did not have jurisdiction because the proper parties were not before the court and abused its discretion by dismissing the case for *forum non conveniens*. We reverse the trial court's order dismissing the case and remand the case to the trial court for further proceedings.

### Background

Appellant, a Korean national, filed for divorce from appellee in Dallas County. Appellee, also a Korean national, is a legal resident of the United States living in Texas. Appellant alleges she married appellee in Korea in 1986. However, appellee

claims the couple was only engaged, but chose to register the marriage to expedite appellant eventually entering the United States. Appellee returned to the United States almost immediately after the registration, and appellant soon asked appellee to nullify the alleged marriage. Although appellee made several attempts to do so, the alleged marriage was never nullified. Appellee continued to live in the United States and married another woman.

In July 2004, appellant, acting through her attorneys-in-fact Ki–Ho Chay and Kwang–Yoel Kim, filed for divorce in Dallas County. In his answer, appellee denied the validity of the alleged marriage and claimed appellant's agents did not have standing to file suit. Appellant subsequently amended her petition, deleting the names of her agents and asserting: "This suit is brought by Seung Ok Lee, Petitioner, against Respondent Ki Pong Na."

In November 2004, appellee filed a petition in family court in Korea requesting nullification of the alleged marriage or, alternatively, a divorce. Appellee also filed a plea in abatement in the trial court requesting the case be abated until the conclusion of the Korean suit. No evidence was admitted at the hearing on the plea in abatement; however, the trial court took judicial notice of its file, including a copy of the Korean petition. The trial court dismissed the case for want of jurisdiction, concluding it did not have the proper parties before it because the original petition was filed by appellant's agents. The court also stated the case needed to be resolved in Korea.

At appellant's request, the trial court entered findings of fact and conclusions of law in which the trial court concluded it

dismissed the case based on the principles of *forum non conveniens* .and because the proper parties were not before the court. The trial court made a number of factual findings in support of these conclusions. Appellant objected to the trial court's findings of fact and conclusions of law and appealed.

## Want of Jurisdiction

■■ In her first two issues, appellant contends the trial court erred in concluding it did not have jurisdiction because the proper parties were not before the court. A trial court's determination that it does not have jurisdiction is a question of law subject to *de novo* review. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993); *Nauslar v. Coors Brewing Co.*, 170 S.W.3d 242, 248 (Tex. App.-Dallas 2005, no pet.).

■■ An amended pleading supersedes and supplants earlier pleadings. TEX.R. CIV. P. 65; *Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex.1972); *Woodruff v. Wright*, 51 S.W.3d 727, 731 (Tex.App.-Texarkana 2001, pet. denied). Appellant's amended petition, which was on file at the time of the hearing, named only appellant and appellee as parties.[1] Because the trial court had jurisdiction over the parties and the proper parties were before the court, the trial court improperly dismissed the case for want of jurisdiction.

Therefore, we sustain appellant's first issue.

## *Forum Non Conveniens*

■■ Appellant contends in her final two issues that the trial court erred by dismissing the case based on the doctrine of

---

1. In his brief, appellee concedes appellant properly amended her petition and the proper parties were before the court.

*forum non conveniens.* A trial court's denial of jurisdiction based on *forum non conveniens* is reviewed for abuse of discretion. *Yoroshii Invs. (Mauritius) Pte. Ltd. v. BP Int'l Ltd.,* 179 S.W.3d 639, 642 (Tex. App.-El Paso 2005, pet. denied); *Sarieddine v. Moussa,* 820 S.W.2d 837, 841 (Tex. App.-Dallas 1991, writ denied). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985).

 Under the equitable doctrine of *forum non conveniens,* a trial court may decline to impose an inconvenient jurisdiction on a litigant. *Yoroshii Invs.,* 179 S.W.3d at 643; *Sarieddine,* 820 S.W.2d at 839. However, to dismiss a case based on *forum non conveniens,* the trial court must determine that, for the convenience of the litigants and witnesses and in the interest of justice, the action should be pursued in another forum. *Yoroshii Invs.,* 179 S.W.3d at 643; *Sarieddine,* 820 S.W.2d at 839. The trial court should consider a number of private and public factors in making this determination, including the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; the enforceability of any judgment entered; the burden imposed upon the citizens of the state and on the trial court; and the general interest in having localized controversies decided in the jurisdiction in which they arose. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Sarieddine,* 820 S.W.2d at 840. The defendant generally bears the burden of persuasion on all elements of the *forum non conveniens* analysis. *Yoroshii*

*Invs.,* 179 S.W.3d at 643; *Sarieddine,* 820 S.W.2d at 841.

 There must be some evidence in the record that allows the trial court to balance the *forum non conveniens* factors and determine whether they weigh strongly in favor of trying the case in another forum. *Sarieddine,* 820 S.W.2d at 842; *Van Winkle–Hooker Co. v. Rice,* 448 S.W.2d 824, 827 (Tex.Civ.App.-Dallas 1969, no writ). Unsubstantiated, conclusory allegations in a motion or in argument by counsel are insufficient. *See Elkins v. Stotts–Brown,* 103 S.W.3d 664, 669 (Tex. App.-Dallas 2003, no pet.); *McCain v. NME Hosps., Inc.,* 856 S.W.2d 751, 757 (Tex.App.-Dallas 1993, no writ) (motions and arguments of counsel are not evidence). Because there was no evidence introduced at the hearing, the trial court abused its discretion in dismissing the case based on *forum non conveniens.*

Accordingly, we sustain appellant's fourth issue.

## Conclusion

Because the proper parties were before it, the trial court erred in determining it did not have jurisdiction over this case. The trial court abused its discretion by dismissing the case for *forum non conveniens* without sufficient evidence to balance the appropriate factors. We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.