Petition for Writ of Mandamus Denied and Memorandum Opinion filed
January 31, 2008








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed January 31, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-01026-CV

____________

 

IN RE WILLIAMS GAS PROCESSING COMPANY, N/K/A WILLIAMS
FIELD SERVICES COMPANY, LLC, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On
December 6, 2007, relator, Williams Gas Processing Company,
n/k/a Williams Field Services Company, LLC, filed a petition for writ of
mandamus in this court.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also
Tex. R. App. P. 52.  In the petition, Williams requests that we compel the
Honorable David J. Bernal, presiding judge of the 281st District Court, Harris
County, to vacate his November 7, 2007 order denying Williams= motion to dismiss for forum non
conveniens, to decline jurisdiction or, alternatively, to stay action.  








Williams
owns and operates a gas processing plant in Opal, Wyoming.  Real party in
interest, Jonah Gas Gathering Company, owns and operates a gas gathering system
located in Wyoming.  Williams and Jonah entered into an Interconnect and
Operation Balancing Agreement under which Jonah was to deliver natural gas to
Williams= Wyoming gas processing plant.  On
October 21, 2005, Williams notified Jonah that the gas it had delivered to
Williams= Wyoming plant contained contaminants
in breach of their agreement, damaging the plant=s equipment, and demanded that Jonah
cure the breach.[1]  

On
November 29, 2006, Williams informed Jonah that it was invoking the agreement=s alternative dispute resolution
provisions, and provided its statement of position.  Subsequently, Jonah
responded, and senior executives from both parties met, but were unable to
settle the dispute.  Jonah then requested mediation.  When Williams did not
respond to its request for mediation, Jonah filed a declaratory judgment action
in Harris County on July 24, 2007.  On August 24, 2007, Williams filed suit
against Jonah in Wyoming, alleging claims for breach of contract and
negligence, and seeking actual and punitive damages.  

On
August 24, 2007, Williams filed a motion to dismiss for forum non conveniens,
to decline jurisdiction or, alternatively, to stay the Texas action.  On
November 7, 2007, respondent denied Williams= motion.  

In order
to obtain mandamus relief, the relator must show that the trial court clearly
abused its discretion and that it has no adequate remedy by appeal.  In re
Sw. Bell Tele. Co., L.P., 226 S.W.3d 400, 403 (Tex. 2007) (orig.
proceeding).  Williams asserts that respondent abused his discretion by failing
to apply the factors set forth by the United States Supreme Court in Gulf
Oil Corporation v. Gilbert, 330 U.S. 501 (1947) (the AGilbert factors@).  








The
doctrine of forum non conveniens permits the courts to exercise equitable power
to prevent the imposition of an inconvenient jurisdiction on a litigant, upon
the court=s determination that the interests of the litigants and witnesses warrant
a different forum.  Yoroshii Invs. (Mauritius) Pte. Ltd. v. BP Int=l Ltd., 179 S.W.3d 639, 643 (Tex. App.CEl Paso 2005, pet. denied).  The Gilbert
court set forth private and public factors to consider in determining whether
the plaintiff=s choice of forum should be disturbed.  It is the defendant=s burden to prove that the balance of
factors strongly favors the defendant=s choice of forum.  Adams v. ESC
Med. Sys., Inc., 161 S.W.3d 49, 50 (Tex. App.CHouston [14th Dist.] 2004, no pet.). 


The
court should consider the following private interests of the parties:  (1) the
relative ease of access to sources of proof; (2) the availability of compulsory
process for attendance of unwilling witnesses; (3) the enforceability of a
judgment if one is obtained; and (4) all other practical problems that make
trial of a case easy, expeditious, and inexpensive.  Gilbert, 330 U.S.
at 508.  The court should also consider the following public interests:  (1)
administrative difficulties caused by litigation not handled at its origin; (2)
jury duty imposed upon people of a community that has no relation to the
litigation; (3) local interest in having localized controversies decided at
home; and (4) appropriateness of having a trial in a diversity case in a forum
that is familiar with the state law that must govern the case, rather than
having a court in another forum untangle problems in conflict of law and in law
that is foreign.  Id. at 508B09.  








No abuse
of discretion appears on this record because, assuming that the Gilbert
factors are applicable, Williams has not established the balance of factors
strongly favors Williams= choice of forum in Wyoming.  Williams submitted affidavits
stating that  evidence and fact witnesses are located in Wyoming.  Williams= proof does not address, whether
those witnesses will testify voluntarily in Texas; whether it would be
burdensome to or inconvenient for any witness to travel to Texas; the cost of
obtaining those witnesses= presence in Texas; any difficulty in accessing sources of
proof; or why a physical viewing of the plant is necessary while other methods,
such as video, are not sufficient.  See Seung Ok Lee v. Ki Pong Na, 198
S.W.3d 492, 495 (Tex. App.CDallas 2006, no pet.) (there must be some evidence in the
record that will allow the trial court to balance the forum non conveniens
factors and determine whether they weigh strongly in favor of trying the case
in another forum).  

Relying
primarily on Section 71.051 of the Texas Civil Practice and Remedies Code,
Jonah asserts that its declaratory action cannot be dismissed for forum non
conveniens because it is a Texas resident.  Tex. Civ. Prac. & Rem. Code
Ann. ' 71.051(e) (Vernon Supp. 2007). . 
Under section 71.051(e), A[t]he court may not stay or dismiss a plaintiff=s claim under Subsection (b) if the
plaintiff is a legal resident of this state.@  Id. ' 71.051(e).   Section 71.051's
applicability is limited to suits for wrongful death and personal injury.  This
is not such a suit.  Therefore, the statute does not apply here.  Direct
Color Servs., Inc. v. Eastman Kodak Co., 929 S.W.2d 558, 567 n.2 (Tex. App.CTyler 1996, writ denied).  We need
not decide whether dismissal of a Texas resident=s claim for forum non conveniens is
permissible in circumstances that are not covered by Section 71.051.  Even assuming
for argument=s sake that dismissal is available and that the Gilbert factors
apply here, the trial court acted within its discretion based on the nature of
this record.

Because
Williams has not provided sufficient evidence to prove the balance of the Gilbert
factors weigh heavily in favor of trying the case in Wyoming, respondent did
not abuse his discretion in denying Williams= motion to dismiss for forum non
conveniens, to decline jurisdiction, or to stay.  Therefore, Williams has not
established its entitlement to the extraordinary relief of a writ of mandamus. 
Accordingly, we deny Williams= petition for writ of mandamus.  We further deny Williams= motion for admission of counsel as
moot.  

 

PER CURIAM

 

Petition Denied and Memorandum
Opinion filed January 31, 2008.

Panel consists of Chief Justice
Hedges and Justices Anderson and Boyce.









            [1]  Prior to October
21, 2005, Williams had informed Jonah that the gas it had delivered to the
Wyoming plant contained contaminants, and requested that Jonah correct the
problem.