In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-225 CV


____________________



PETER J. BELMONTE, Appellant



V.



MARIA RITA BELMONTE, Appellee






On Appeal from the 221st District Court 


Montgomery County, Texas


Trial Cause No. 06-11-11389-CV





 

MEMORANDUM OPINION


 This is an appeal from the trial court's order which found that Texas is an
inconvenient forum for the parties' divorce and custody proceeding and dismissed the case
with prejudice. We reform the trial court's order to make its dismissal without prejudice and
as reformed, we affirm.

Background


 Peter and Maria married in New York on June 11, 1995, and they had twin sons on
December 29, 1998. The family resided in New York until July of 2003, when Peter's career
brought them to The Woodlands, Texas. After the move to Texas, the family kept its home
in New York, but leased that property while living in Texas. In the summer of 2006, Peter
had an opportunity to move the family back to New York, and the family began making
preparations to return there, including listing the home in The Woodlands for sale and
arranging for the tenant in the New York home to vacate the premises.

 In October of 2006, Peter informed Maria that he was involved in an extra-marital
relationship. On November 18, 2006, Maria and Peter had an angry confrontation regarding
an outing taken by Peter, the children, the woman with whom Peter was having an extra-marital relationship, and her children. Two days before Thanksgiving, Maria took the
children to New York for a planned Thanksgiving trip, and she and the children remained in
New York thereafter.

 On November 21, 2006, Peter filed for divorce from Maria in Montgomery County,
Texas, and requested that the trial court enter orders concerning property division as well as
the conservatorship and support of the parties' two children. On November 29, 2006, Peter
visited the children in New York, and according to Maria, Peter spoke angrily to her, rubbed
against her, told her she was a bad mother, and threatened to take the children from her,
causing Maria to fear for her safety. As a result of this encounter with Peter, Maria sought
and obtained a temporary order of protection from the Family Court in Westchester County,
New York.

 Peter testified that his "primary intention" was that the children would finish the
school year in Texas at the end of May, and the family would then move to New York. Peter
explained that "Plan B" was to move to New York over the holidays. Peter acknowledged
that an e-mail of October 12, 2006, sent by his new employer, indicated that Peter had
accepted the new position, and the company expected him to begin working from the New
York office after the year-end holidays in 2006. (1) Peter explained that he changed his mind
about moving to Texas after Maria angrily confronted him, and he acknowledged that he did
not tell Maria he had changed his mind about moving.

 On February 5, 2007, Maria filed a motion for forum non conveniens in Texas,
followed by a special appearance a few days later. In her motion, Maria requested that the
Montgomery County District Court decline to exercise jurisdiction over the case because
New York was a more convenient and appropriate forum. Maria provided her ten-page
affidavit as an exhibit with her motion. Peter opposed the motion. The trial court conducted
a hearing, at which Peter testified. After speaking by telephone with the judge in New York,
the trial court issued its order dismissing the case with prejudice on grounds of forum non
conveniens. Peter then filed this appeal.


Peter's Issues


 Peter raises five issues for our consideration. In his first issue, Peter argues the trial
court abused its discretion by dismissing the case on the basis of forum non conveniens. In
his second issue, Peter asserts the evidence is legally and factually insufficient to support the
judgment. In issue three, Peter contends the evidence is legally and factually insufficient to
support the trial court's finding that the Family Court of the State of New York in
Westchester County is the more appropriate forum for matters of child custody
determination. In his fourth issue, Peter maintains the evidence is legally and factually
insufficient to support the trial court's finding that the New York court is the more
appropriate forum for the divorce. In issue five, Peter argues the trial court "abused its
discretion by declining to exercise jurisdiction over the entirety of the case or any part of it." 
We address these issues together.

 We review a trial court's denial of jurisdiction based on forum non conveniens for an
abuse of discretion. Yoroshii Invs. (Mauritius) Pte. Ltd. v. BP Int'l Ltd., 179 S.W.3d 639,
642 (Tex. App.--El Paso 2005, pet. denied); Coots v. Leonard, 959 S.W.2d 299, 301 (Tex.
App.--El Paso 1997, no pet.). In deciding whether the trial court abused its discretion, we
determine whether the trial court acted arbitrarily or unreasonably, without reference to
guiding rules and principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

 Section 152.207 of the Texas Family Code, which is part of the Uniform Child
Custody Jurisdiction and Enforcement Act ("UCCJEA"), provides as follows:

 (a) A court of this state which has jurisdiction under this chapter to make
a child custody determination may decline to exercise its jurisdiction at
any time if it determines that it is an inconvenient forum under the
circumstances and that a court of another state is a more appropriate
forum. The issue of inconvenient forum may be raised upon motion of
a party, the court's own motion, or request of another court.


 (b) Before determining whether it is an inconvenient forum, a court of this
state shall consider whether it is appropriate for a court of another state
to exercise jurisdiction. For this purpose, the court shall allow the
parties to submit information and shall consider all relevant factors,
including:


 (1) whether domestic violence has occurred and is likely to
continue in the future and which state could best protect
the parties and the child;


 (2) the length of time the child has resided outside this state;


 (3) the distance between the court in this state and the court
in the state that would assume jurisdiction;


 (4) the relative financial circumstances of the parties;


 (5) any agreement of the parties as to which state should
assume jurisdiction;


 (6) the nature and location of the evidence required to
resolve the pending litigation, including testimony of the
child;


 (7) the ability of the court of each state to decide the issue
expeditiously and the procedures necessary to present the
evidence; and


 (8) the familiarity of the court of each state with the facts
and issues in the pending litigation.


 (c) If a court of this state determines that it is an inconvenient forum and
that a court of another state is a more appropriate forum, the court shall
stay the proceedings upon condition that a child custody proceeding be
promptly commenced in another designated state and may impose any
other condition the court considers just and proper.


 (d) A court of this state may decline to exercise its jurisdiction under this
chapter if a child custody determination is incidental to an action for
divorce or another proceeding while still retaining jurisdiction over the
divorce or other proceeding.


Tex. Fam. Code Ann. § 152.207 (Vernon 2002). Under the equitable doctrine of forum non
conveniens, a trial court may decline to take jurisdiction if it determines that, "for the
convenience of the litigants and witnesses and in the interest of justice, the action should be
pursued in another forum." Lee v. Na, 198 S.W.3d 492, 495 (Tex. App.--Dallas 2006, no
pet.) (citations omitted); see also Dickerson v. Doyle, 170 S.W.3d 713, 718-19 (Tex. App.--El Paso 2005, no pet.). In making its determination, the trial court should consider the
following factors:

 the relative ease of access to sources of proof; the availability of compulsory
process for attendance of unwilling witnesses; the cost of obtaining attendance
of willing witnesses; the enforceability of any judgment entered; the burden
imposed upon the citizens of the state and on the trial court; and the general
interest in having localized controversies decided in the jurisdiction in which
they arose.


Lee, 198 S.W.3d at 495. The defendant generally bears the burden to prove the elements of
the forum non conveniens analysis. Id. at 495. The record must contain evidence from which
the trial court can balance the factors. Id. "Unsubstantiated, conclusory allegations in a
motion or in argument by counsel are insufficient." Id. (citations omitted).

 Peter argues that much of the information provided to the trial court at the hearing
consisted of counsel's arguments, which do not constitute evidence, and he also asserts that
all evidence that the trial court considered must have been introduced at the hearing. 
However, Maria provided a lengthy affidavit with her forum non conveniens motion. 
Initially, we note that Peter cites no authority for the proposition that because Maria's
affidavit was not explicitly introduced into evidence at the hearing, the trial court could not
properly have considered it. In addition, the fact that the trial court heard some evidence (in
the form of Peter's testimony) at the hearing does not mean that the trial court could not also
look to the record already before it. See generally Michiana Easy Livin' Country, Inc. v.
Holten, 168 S.W.3d 777, 782-83 (Tex. 2005) ("While we have generally encouraged oral
hearings when arguments may be helpful, both the Legislature and this Court have
discouraged oral presentation of testimony and evidence when they can be fairly submitted
in writing. Counsel can almost always direct the trial court's attention to pertinent . . .
affidavits in less time than it takes to recreate them in open court."). Furthermore, although
Maria's counsel did not formally introduce the affidavit into evidence at the hearing, a review
of Maria's affidavit and the reporter's record of the hearing reveals that counsel was basing
her argument largely on the information contained in Maria's affidavit.

 We examine the factors set forth in § 152.207 and determine what evidence, if any, 
Maria provided to the trial court regarding those factors. See Tex. Fam. Code Ann.
§ 152.207. In her affidavit, Maria averred, among other things, that Peter angrily confronted
her in New York, prompting her to obtain a protective order from the Family Court of
Westchester County, New York, and that she had numerous family members in New York
who could protect her and the children; that the children had previously resided in New York
for approximately five years (from their birth in December of 1998 until the summer of
2003); that the distance from Houston, Texas, to Eastchester, New York, is approximately
1,420 miles; that her income for 2006 was approximately $70,000, and Peter's income for
2006 was approximately $140,000; that the parties had no agreement as to which state should
assume jurisdiction; that the parties owned real property in both Texas and New York; that
the New York judge indicated his intention to conduct an in camera proceeding to hear
evidence from the children, and the children were also seeing a New York therapist who
could offer evidence concerning matters of custody and visitation; that Maria had already
filed a custody proceeding in New York, and the New York court had appointed a Law
Guardian for the children; and the parties had already appeared in the New York court three
times, so the New York judge was familiar with the case and could bring it to a conclusion. 
These statements provide some evidence regarding each of the factors set forth in 
§ 152.207(b). See Tex. Fam. Code Ann. § 152.207(b)(1)-(8); see also generally Tex. Fam.
Code Ann. § 152.209 (Vernon 2002) (requiring parties to submit certain information to the
trial court by affidavit or first pleading in a custody proceeding). In addition, Maria's
affidavit provides some evidence of the factors pertinent to the equitable doctrine of forum
non conveniens. See Lee, 198 S.W.3d at 495. With the exception of the issue of the date
Peter planned to move to New York, Peter offered no evidence that controverted the
assertions in Maria's affidavit.

 In addition to the oral evidence at the hearing and reviewing the record before her, the
trial judge spoke with the New York judge by telephone. See Tex. Fam. Code Ann.
§ 152.110 (Vernon 2002) (authorizing a Texas court to communicate with a court in another
state concerning a proceeding arising under the UCCJEA). The UCCJEA requires the trial
court to make a record of any such communications, with the exception of those that merely
involve schedules, calendars, court records, and similar matters. Tex. Fam. Code 
Ann. § 152.110(e), (f). Although the trial court failed to have its conversation with the New
York court recorded, neither party lodged an objection. Therefore, we find the parties
waived the requirement that the trial court make a record of its conversation with the New
York judge. See Tex. R. App. P. 33.1(a). In addition, findings of fact and conclusions of law
were neither requested nor filed. Accordingly, we presume that the trial court's conversation
with the New York judge supported the judgment. See Holt Atherton Indus., Inc. v. Heine,
835 S.W.2d 80, 83 (Tex. 10992) (When findings of fact and conclusions of law are neither
requested nor filed, appellate court implies facts in support of the trial court's judgment.).

 On this record, the trial court's order was supported by legally and factually sufficient
evidence. Therefore, the trial court did not abuse its discretion by declining to exercise
jurisdiction of the custody matter under the doctrine of forum non conveniens. Furthermore,
we note that because the trial court properly declined to exercise its jurisdiction of the
custody matter under the doctrine of forum non conveniens, it was within the trial court's
discretion whether or not to assume jurisdiction of the divorce proceeding. See Tex. Fam.
Code Ann. § 6.308(a) (Vernon 2006); Boots v. Lopez, 6 S.W.3d 292, 294 (Tex. App.--Houston [14th Dist.] 1999, pet. denied) (Trial court may, in its discretion, assume jurisdiction
over those portions of the suit for which it has authority, but it is not required to do so.).

 Peter asserts that the trial court erred by dismissing the case with prejudice. We agree,
and we therefore reform the trial court's judgment to read that the cause is dismissed without
prejudice. A dismissal based on forum non conveniens generally must be without prejudice. 
See generally Owens Corning v. Carter, 997 S.W.2d 560, 580 n.13 (Tex. 1999). We overrule
Peter's issues and affirm the trial court's judgment as reformed.


 AFFIRMED AS REFORMED.





 

 STEVE McKEITHEN

 Chief Justice



Submitted on February 20, 2008

Opinion Delivered May 15, 2008


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. The trial court admitted the e-mail into evidence.