

NUMBER 13-08-00649-CV

# COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**JOSE GUERRA VELASCO AND
ENTRETENIMIENTO MATAMOROS, S.A. DE C.V.,**      **Appellants,**

**v.**

**HENLEY ENTERTAINMENT, INC.,**      **Appellee.**

---

**On appeal from the County Court at Law No. 3
of Cameron County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Garza**

Appellants, Jose Guerra Velasco and Entretenimiento Matamoros, S.A. de C.V. ("EM"), appeal the trial court's denial of their motion to dismiss the suit brought by appellee, Henley Entertainment, Inc. ("Henley"). By a single issue, Velasco and EM contend that the trial court abused its discretion by failing to grant their motion to dismiss based on the doctrine of forum non conveniens. We affirm.

### I. BACKGROUND

The underlying suit involved a joint venture between Henley, a Florida corporation, and EM, a Mexican corporation, to operate a gaming facility in Matamoros, Tamaulipas,

Mexico. On February 9, 2006, Velasco, in his capacity as president of EM as well as in his personal capacity, executed two promissory notes in exchange for $100,000 loaned by Henley as start-up funds for the gaming facility. The promissory notes provided that the full amount of the loans would be due and payable by Velasco and EM on June 30, 2006. The notes did not contain forum selection clauses but did state that the "Maker's Address" was "184 Palo Alto Drive, Brownsville, TX 78521, USA." In March of 2006, at the request of Velasco, Henley wired the loan proceeds directly to Velasco's account at Laredo National Bank in Brownsville.

Alleging that Velasco and EM defaulted on the loan, Henley filed suit in the County Court at Law No. 2 of Cameron County, Texas, on September 4, 2007. Henley then filed a motion for traditional summary judgment on December 14, 2007, which included an affidavit executed by William T. Higgs, Henley's president, stating that Velasco and EM had defaulted on the notes. Velasco and EM never filed a response to Henley's summary judgment motion, but they did file a motion to dismiss on the grounds of forum non conveniens on January 9, 2008. The motion to dismiss argued specifically: (1) that neither Velasco nor EM are Texas residents; (2) that no party to the suit does business in Texas; (3) that the promissory notes were not executed in Texas; and (4) that "[n]o significant event connected with the notes occurred in Texas." In support of the motion, Velasco and EM attached an affidavit executed by Carlos Cipriano Guerrero Gomez, an attorney practicing in Matamoros, stating that an adequate alternative forum existed in the Mexican state of Tamaulipas.

After a hearing on March 5, 2008, the trial court denied appellants' motion to dismiss. The trial court subsequently granted Henley's motion for summary judgment on September 9, 2008, awarding damages, pre- and post-judgment interest, and attorney's fees. This appeal followed.

## II. DISCUSSION

On appeal, Velasco and EM challenge only the trial court's denial of their motion to

2

dismiss on the ground of forum non conveniens. "We review a trial court's decision about whether to dismiss a case on forum non conveniens grounds for an abuse of discretion." *In re Gen. Elec. Co.*, 271 S.W.3d 681, 685 (Tex. 2008) (orig. proceeding). A court abuses its discretion if its decision is arbitrary, unreasonable, or without reference to guiding rules and principles. *Id.* (citing *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 676 (Tex. 2007) (orig. proceeding)).

Under the equitable doctrine of forum non conveniens, a trial court may decline to impose an inconvenient jurisdiction on a litigant. *Exxon Corp. v. Choo*, 881 S.W.2d 301, 302 (Tex. 1994); *Lee v. Na*, 198 S.W.3d 492, 495 (Tex. App.–Dallas 2006, no pet.). To dismiss a case based on forum non conveniens, the trial court must determine that, for the convenience of the litigants and witnesses and in the interest of justice, the action should be pursued in another forum. *Lee*, 198 S.W.3d at 495; *Yoroshii Invs. (Mauritius) Private Ltd. v. BP Int'l Ltd.*, 179 S.W.3d 639, 643 (Tex. App.–El Paso 2005, pet. denied); *see Seguros Comercial Am., S.A. de C.V. v. Am. President Lines*, 966 S.W.2d 652, 656 (Tex. App.–San Antonio 1998, no pet.) ("For the doctrine to be invoked, the act forming the basis of the lawsuit usually occurs in another jurisdiction."). The trial court should consider a number of private and public factors in making this determination, including: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses; (3) the cost of obtaining attendance of willing witnesses; (4) the enforceability of any judgment entered; (5) the burden imposed upon the citizens of the state and on the trial court; and (6) the general interest in having localized controversies decided in the jurisdiction in which they arose. *Lee*, 198 S.W.3d at 495 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *Sarieddine v. Moussa*, 820 S.W.2d 837, 840 (Tex. App.–Dallas 1991, writ denied)). The defendant generally bears the burden of persuasion on all elements of the forum non conveniens analysis. *Id.*; *Yoroshii Invs.*, 179 S.W.3d at 643.

In their motion to dismiss and on appeal, appellants emphasize that Velasco's

3

execution of the promissory notes was witnessed by a Mexican resident, Rosa Gonzales. According to appellants, Gonzales was not able to testify in the Texas litigation and appellants were therefore "hindered in their ability to meet their burden in presenting affirmative defenses."[1] Gonzales's signature does appear on the promissory notes, copies of which are contained in the record; however, there is no evidence in the record, such as an affidavit, indicating that Gonzales is in fact a citizen of Mexico or that she would be unable to participate in proceedings taking place in Texas.

Appellants also argue that "[t]he only event relating to this transaction that occurred in Texas[] was Henley's transfer of the funds to a bank located in Brownsville," and that, therefore, "Mexican law would apply to this litigation." Appellants do not, however, point this court to any authority indicating that Mexican law would necessarily apply to Henley's suit. Further, although appellants are correct that "[i]t is fundamentally unfair to burden the people of Texas with the cost of providing courts to hear cases that have no significant connection with the State," *In re Smith Barney, Inc.*, 975 S.W.2d 593, 598 (Tex. 1998) (orig. proceeding), they do not substantiate their contention that the deposit of the loan proceeds in a Texas bank does not constitute a "significant connection with the State."

Velasco and EM argue that the Texas Supreme Court's decision in *In re Pirelli Tire*, 247 S.W.3d at 670-76, compels dismissal of Henley's suit. In *Pirelli*, the supreme court determined that the trial court abused its discretion by denying the defendant's motion to dismiss on forum non conveniens grounds. *Id.* at 679. In that case, the plaintiffs, Mexican citizens, sued Pirelli, a Delaware corporation, contending that the defendant negligently designed and manufactured tires, causing a fatal auto accident that occurred in Mexico. *Id.* at 673. The court found that Cameron County was an inappropriate forum in part because "key evidence and witnesses concerning damages are in Mexico" and "the only witness to the accident, together with the accident investigators and all medical personnel[,]

---

[1] Henley notes correctly that appellants did not, in fact, raise any affirmative defenses in their responsive pleadings in the trial court.

4

are in Mexico." *Id.* at 678.  Noting that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation," *id.* at 679 (citing *Gulf Oil*, 330 U.S. at 508-09), the court concluded that "[t]he happenstance that the truck [involved in the accident] was in Texas for eleven days before it was sold and imported to Mexico is simply insufficient to provide Texas with any interest in this case."  *Id.*

*Pirelli* is distinguishable in two ways from the instant case and does not compel dismissal of Henley's suit.  First, *Pirelli* arose under the forum non conveniens statute contained in chapter 71 of the civil practice and remedies code.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 71.051 (Vernon 2008).  That statute sets forth distinct factors that courts must consider in determining whether to dismiss a case on forum non conveniens grounds, but is applicable only to "actions for personal injury or wrongful death."  *Id.* § 71.051(i).  The factors listed in that statute overlap but are not precisely the same as those considered in a forum non conveniens analysis under common law.  *Compare id.* § 71.051(b)(1)-(6) (statutory factors[2]) *with Lee*, 198 S.W.3d at 495 (citing *Gulf Oil*, 330 U.S. at 501; *Sarieddine*, 820 S.W.2d at 840) (common law factors); *see In re Pirelli*, 247 S.W.3d at 677.  Second, the connection between the subject matter of Henley's suit and the jurisdiction of Cameron

---

[2] The specific factors that courts are directed to consider under the forum non conveniens statute applicable to personal injury and wrongful death suits are whether:

(1)    an alternate forum exists in which the claim or action may be tried;

(2)    the alternate forum provides an adequate remedy;

(3)    maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;

(4)    the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;

(5)    the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state; and

(6)    the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

TEX. CIV. PRAC. & REM. CODE ANN. § 71.051(b) (Vernon 2008).

County is more than mere "happenstance." *See In re Pirelli*, 247 S.W.3d at 678. The promissory notes at issue specifically recited that the "Maker's Address" was located in Texas, and the proceeds of the loan made in exchange for the notes were deposited in a Texas bank at the request of Velasco. Although this state's interest in the adjudication of the underlying dispute is not overwhelming, we cannot say that Velasco and EM met their burden of showing that, in the interest of justice, the action should be pursued in a different forum. *See Lee*, 198 S.W.3d at 495. Moreover, appellants failed to meet their burden of persuasion with respect to the factors elucidated by the United States Supreme Court in *Gulf Oil*. *See* 330 U.S. at 508; *Lee*, 198 S.W.3d at 495.

We conclude that the trial court's denial of appellants' motion to dismiss was neither arbitrary, unreasonable, or without reference to guiding rules and principles. Appellants' issue is overruled.

### III. MOTION FOR DAMAGES AND TO DISMISS THE APPEAL

Henley filed a motion asking this Court to dismiss the instant appeal as frivolous and to impose damages against appellants. *See* TEX. R. APP. P. 45 (authorizing appellate court to award prevailing party damages upon determining that an appeal is frivolous). Henley contends that the appeal is frivolous because the arguments made therein by appellants are identical to those made by appellants in a previously filed petition for writ of mandamus, which we denied. *See In re Velasco*, No. 13-08-00423-CV, 2008 Tex. App. LEXIS 6876, at *1-2 (Tex. App.–Corpus Christi Aug. 14, 2008, orig. proceeding) (mem. op.); *see also In re Pirelli*, 247 S.W.3d at 67 (holding that there is no adequate remedy by appeal, and that mandamus relief is therefore appropriate, when a trial court erroneously denies a forum non conveniens motion). Having reviewed Henley's motion and the documents on file, we conclude that the appeal is not frivolous.[3] Henley's motion for damages and to dismiss the appeal is denied.

---

[3] Even if we were to determine that the appeal is frivolous, that is not a ground upon which we are authorized to render an involuntarily dismissal of an appeal in a civil case. *See* TEX. R. APP. P. 42.3(a)-(c).

## IV. Conclusion

We affirm the judgment of the trial court.

_____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 25th day of August, 2009.